1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   RENEE SHIZUE YAMAGISHI,

10            Plaintiff,                          No. C 14-05293 JSW

11   v.                                           **ORDER REGARDING**
                                                  **APPLICATION FOR**
12   BANK OF AMERICA, N.A.,                       **TEMPORARY RESTRAINING**
                                                  **ORDER AND ORDER TO SHOW**
13            Defendant.                          **CAUSE REGARDING**
     _____/           **JURISDICTION**
14

15        The Court has just received Plaintiff's application for a temporary restraining order

16   ("TRO") and an order to show cause re preliminary injunction.[1]  In the papers submitted, it

17   appears that a foreclosure and eviction are scheduled for tomorrow, December 4, 2014.

18   Accordingly, the Court has no option but to set an expedited briefing schedule as well as issue

19   an order to show cause regarding jurisdiction.

20        In the event the Court determines that it has jurisdiction to adjudicate the parties'

21   dispute, a hearing on the TRO shall be held on December 4, 2014 at 1:30 p.m.  Accordingly,

22   Defendants shall file a response to the application by no later than December 3, 2014 at 3:00

23   p.m.  Should Plaintiff elect to file a reply, it shall be due no later than December 4, 2014 at

24   10:00 a.m.

25

26

27

28
     _____

     [1]  The application is entitled *ex parte* and was filed on December 2, 2014. Plaintiff is
     HEREBY ORDERED to serve Defendants with all of her case filings and TRO papers and
     this Order by no later than December 3, 2014 at 11:30 a.m. and shall file proof of such
     service at its completion.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Federal courts are under a duty to raise and decide issues of subject matter jurisdiction

2    *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12;

3    *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that

4    subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P.

5    12(h)(3).  Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life*

6    *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts can only adjudicate cases which the

7    Constitution or Congress authorize them to adjudicate:  those cases involving diversity of

8    citizenship (where the parties are from diverse states), or a federal question, or those cases to

9    which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of*

10   *America*, 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil

11   cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.*

12   at 377.  The United States is not a party to this case.

13   Having reviewed the complaint, it appears that Plaintiff claims federal jurisdiction for

14   violations of the United States Constitution, specifically the Fifth Amendment and Fourteenth

15   Amendment for violations of due process.  Title 42 U.S.C. Section 1983 provides the vehicle

16   for asserting a claim for violations of the Constitution.  However, to sustain a claim under this

17   statute, a plaintiff must establish two essential elements:  "(1) that the conduct complained of

18   was committed by a person acting under color of state law; and (2) that the conduct deprived

19   plaintiff of a federal constitutional or statutory right."  *Wood v. Ostrander*, 879 F.2d 583, 587

20   (9th Cir. 1989).  Here, Plaintiff does not specify a defendant acting as a state actor for purposes

21   of her due process claims and her claims are subject to dismissal by this Court.  *See, e.g.,*

22   *Brashears v. Bank of America Home Loans*, 2013 WL 5741832, at *8 (C.D. Cal. Oct. 22, 2013).

23   Without a valid federal claim, either under 42 U.S.C. Section 1983 or any other federal statute,

24   this Court lacks jurisdiction over this action.

25   Therefore, Plaintiff is HEREBY ORDERED TO SHOW CAUSE in writing, by

26   **December 3, 2014 by 3:00 p.m.** why this action should not be dismissed for lack of

27   jurisdiction.  If Plaintiff can demonstrate that this Court has jurisdiction, the Court will hear

28   their application for a restraining order on December 4, 2014 at 1:30 p.m.  Plaintiff is

admonished that her failure to respond this Order by **December 3, 2014 at 3:00 p.m.**, will result in a dismissal of this action for lack of subject matter jurisdiction.

Should the Court find it lacks jurisdiction to hear this matter, it will dismiss.  Should the Court find cause to exercise jurisdiction, it will hold a hearing on the application for a TRO on December 4, 2014 at 1:30 p.m.  Should no further order issue, the parties shall appear at that time.

**IT IS SO ORDERED.**

Dated:   December 3, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RENEE SHIZUE YAMAGISHI,

          Plaintiff,

   v.

BANK OF AMERICA, N.A. et al,

          Defendant.
_____/

Case Number: CV14-05293 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2014, I SERVED a true and correct copy(ies) of the attached, hand delivery in the Clerk's office.

Renee Shizue Yamagishi
2703 Mathews Street
Berkeley, CA 94702

Dated: December 3, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court
For the Northern District of California